JAMES E. GRAVES, JR., Circuit Judge,
dissenting:
I join Judge Dennis’s dissenting opinion. Like Judge Dennis, my view is that the Tinker framework was not intended to apply to off-campus speech. I recognize, however, that current technology serves to significantly blur the lines between on-campus and off-campus speech. In the light of this undeniable reality, and in the alternative, I would apply a modified Tinker standard to off-campus speech. My Tinker-Bell standard would begin with the Tinker substantial disruption test. See Tinker v. Des Moines Indep. Cmty. Sch. Disk, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); see also Shanley v. Ne. Indep. Sch. Disk, 462 F.2d 960 (5th Cir.1972). It would further include a nexus prong that is derived most significantly from the Fourth Circuit’s nexus test in Kowalski v. Berkeley County Schools, 652 F.3d 565 (4th Cir.2011). The nexus prong would incorporate the important factors, considered by other appellate courts, of foreseeability and the speech’s predominant message.
This standard would protect the First Amendment rights of students to engage in free expression off campus, while also recognizing that school officials should have some ability, under very limited circumstances, to discipline students for off-campus speech. Mindful of these core principles and concerns, I would apply the following test.
In order for a school to discipline a student for off-campus speech, the school must:
*436 (1) provide evidence of facts which might reasonably have led school authorities to forecast a substantial disruption OR evidence of an actual, substantial disruption;[1] AND
(2) demonstrate a sufficient nexus between the speech and the school’s pedagogical interests that would justify the school’s discipline of the student.[2] In this regard, I would consider three non-exclusive factors:
a. whether the speech could reasonably be expected to reach the school environment.[3]
b. whether the school’s interest as trustee of student well-being[4] outweighs the interest of respecting the traditional parental role[5] in disciplining a student for off-campus speech ...
i. giving particular weight to evidence, experiential or otherwise (like the bullying research in the Fourth Circuit’s Kowalski decision),[6] which indicates that particular off-campus speech has a unique and proven adverse impact on students and the campus environment.
c.whether the predominant message of the student’s speech is entitled to heightened protection.[7]
In my view, if this test were applied to the facts of this case, the school’s discipline of Bell would clearly fail. For this additional, alternative reason, I dissent.

. Tinker, 393 U.S. at 509, 513-14, 89 S.Ct. 733; see also Shanley, 462 F.2d at 974 ("We emphasize ... that there must be demonstrable factors that would give rise to any reasonable forecast by the school administration of 'substantial and material[1] disruption of school activities before expression may be constitutionally restrained.”).

. See Kowalski, 652 F.3d at 573 ("There is surely a limit to the scope of a high school’s interest in the order, safety, and well-being of its students when the speech at issue originates outside the schoolhouse gate. But we need not fully define that limit here, as we are satisfied that the nexus of [the student’s] speech to [the high school’s] pedagogical interests was sufficiently strong to justify the action taken by school officials in carrying out their role as the trustees of the student body’s well-being.").

. See Wisniewski v. Bd. of Educ., 494 F.3d 34, 38-39 (2d Cir.2007), cert. denied, 552 U.S. 1296, 128 S.Ct. 1741, 170 L.Ed.2d 540 (2008) (expanding the reach of Tinker to include off-campus speech that is reasonably foreseeable to "come to the attention of school authorities”); Doninger v. Niehoff, 527 F.3d 41, 50 (2d Cir.2008) (applying Tinker to off-campus speech where the speech is reasonably foreseeable to reach the school property); D.J.M. v. Hannibal Pub. Sch. Dist., 647 F.3d 754, 766 (8th Cir.2011) (same, where speech was reasonably foreseeable to be brought to the attention of school authorities).

. See Kowalski, 652 F.3d at 573.

. Our court has held in high regard the traditional role of parents to discipline their children off campus. See Shanley, 462 F.2d at 964 ("It should have come as a shock to the parents of five high school seniors ... that their elected school board had assumed suzerainty over their children before and after school, off school grounds, and with regard to their children’s rights of expressing their thoughts.”); id. at 966 (explaining that the parents filed the lawsuit in "objecti[on] to the school board's bootstrap transmogrification into Super-Parent”).

. Kowalski, 652 F.3d at 572.

. See Section I of Judge Dennis’s dissenting opinion; see also Bell v. Itawamba Cnty. Sch. Bd., 774 F.3d 280, 299 n. 46 (5th Cir.2014), rev’d en banc.